Mr. Justice PRAY
delivered the opinion of the court.
This case comes up upon an appeal from the circuit court of the county of Warren.
The bill of exceptions presents the following facts: That on the trial of this cause, the plaintiff offered in evidence to the jury a copy of a certificate from the register of the land office, in the words and figures following, to wit:
“ No. 921, Land office, Washington, Mississippi, IS March, 1838.
“ It is hereby certified that in pursuance of law, Thomas Free-land, Claiborne county, on this day purchased of the register of this office, the lot on the east half of the southern quarter of section number twelve, of township number fourteen, in range number two east, containing eighty acres, at the rate of one dollar and twenty-five cents per acre, amounting to $100, for which the said Thomas Freeland has made payment in full as required by law: Now therefore, be it known, that on presentation of this certificate to the commissioner of the general land office, the said Thomas Freeland shall be entitled to receive a patent for the lot above described. ' B. L. C. Wailes, Register.”
Thomas W. Newman testified that the original, of which the above is a copy, was transmitted by him, as register of the land office at Washington, and without any authority from said Freeland, to the commissioner of the general land office, and that since the transmission of said original certificate, he has been instructed by said commissioner, to deliver the said original certificate to the said Thomas Freeland, from which he infers that said original was miscarried. Fie also testifies that he knew the handwriting of the said B. L. C. Wailes, and believes the original was signed by him and that the copy above recited was a true copy of the original made out by himself; and that when he was appointed register of the aforesaid land office, he found the said original certificate in the office, and does not know that Thomas Freeland ever had possession of it.
*767 The defendant objected to the reading in evidence of the copy of the certificate above recited, which was sustained by the court; and the copy rejected. To this decision of the court the plaintiff excepted, and now asigns the same as error in the court below.
This copy was offered to be read in evidence to the jury on the ground that the original was lost; and the question here presented is, whether such a search has been made for .the original, as would legally authorise the introduction of a sworn copy as evidence?
The general rule is, that before a copy can be received, the existence and loss, or destruction of the original must be proved. 6 Binn. 234.
To prove the loss of a written instrument, it must be shown, that diligent search and inquiry had been made of those persons in whose possession it should have been, if it existed, and that the same cannot be found. 16 Johns. Rep. 193.
The application of these rules to the present case will lead us to a correct solution of the question involved. The existence of the original certificate is proved by Thomas W. Newman, register of the land office, from which it emanated; and he testifies that he transmitted it to the commissioner of the general land office at Washington. He also testifies, that since the transmission, he has been instructed by the said commissioner, to deliver such original certificate to the said appellant, from which the witness infers, that the original is lost.
From the two facts stated by the witness, it is evident his inference is erroneous. It does not appear at what time he received his instructions from the commissioner, further than that it was after the transmission of the certificate to Washington; for aught that appears, he may have received them the next day; and in the absence of all testimony on the subject, this court cannot presume that the certificate was miscarried or lost, but are bound to believe, that it is now on the files of the general land office.
These files have not been searched nor has any inquiry been made of the officer who has charge of them in relation to this certificate. We come to the conclusion, therefore, under the rule above stated, that the appellant has not made that diligent search *768 for the original certificate, which the law requires,-previous to the introduction of a copy as evidence.
The judgment of the court below, must, therefore, be affirmed with costs. ■ ■
Judge Wright concurred.
Judge Sharkey, having been concerned ás counsel, gave no opinion.